IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRES LOTES, LLC,
A New Mexico Limited Liability
Company,

      Plaintiff,

v.     No. 2:14-CV-090 MCA/LAM

BNSF RAILWAY COMPANY,
A Delaware Corporation,

      Defendant.

## ORDER

THIS MATTER is before the Court on Defendant BNSF Railway Company's *Motion to Vacate Notice of Dismissal*. [Doc. 37] The Court, having considered the submissions, the relevant law, and otherwise being fully advised, hereby **DENIES** the Motion.

**PROCEDURAL HISTORY**

Plaintiff, Tres Lotes, LLC, brought this action in the Ninth Judicial District Court, Curry County, New Mexico. [Doc. 1, p. 1; Doc. 1-1, p.1] Defendant removed the matter to this Court and, rather than filing an answer, moved to dismiss the action based on the failure to state a claim and based on the lack of subject matter jurisdiction (submitting that only the Surface Transportation Board has jurisdiction over Plaintiff's claim). [Doc. 1; Doc. 8, pp. 1-2; Doc. 7, p. 10-11] Plaintiff responded to the *Motion to Dismiss* by asking the Court to consider various affidavits and documents which Plaintiff filed. [Docs. 20-22; Doc. 23, pp. 8, 9, 11, 13-18, 24] Plaintiff also filed a *Motion to Remand*.

1

[Doc. 31] Then, after briefing was complete on both the *Motion to Remand* and the *Motion to Dismiss*, Plaintiff voluntarily dismissed its case under Federal Rule of Civil Procedure 41(a)(1). [Doc. 36] Defendant now moves the Court to vacate Plaintiff's Notice of Dismissal. [Doc. 37]

**ANALYSIS**

Plaintiff dismissed this action without a court order pursuant to Rule 41(a)(1)(A)(i) (formerly Rule 41(a)(1)(i)), which allows the plaintiff to voluntarily dismiss its action before the defendant "serves either an answer or a motion for summary judgment."

> The filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) does not require an order of the court. Rule 41(a)(1) provides that "an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment."
>
> . . .
>
> Under Rule 41(a)(1)(i), a plaintiff has an absolute right to dismiss without prejudice and no action is required on the part of the court.
>
> The filing of a Rule 41(a)(1)(i) notice itself closes the file. There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court. There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought. Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.

*Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003) (internal citations, quotation marks, and brackets omitted); *see also Netwig v. Georgia-Pacific Corp.,* 375 F.3d 1009,

1010 (10th Cir. 2009) (holding that district court lacked jurisdiction and thus erred in reinstating case which was voluntarily dismissed under Rule 41(a)(1)(i)).

Defendant submits that the Court should vacate Plaintiff's dismissal because Plaintiff submitted documents for the Court's consideration in response to Defendant's Motion to Dismiss, and thus "BNSF's Motion to Dismiss [Doc. 8] was converted to a motion for summary judgment."  [Doc. 37, p. 1]  Defendant relies on the following provision in making this argument:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).  Defendant also argues that the merits of this case are intertwined with the question of jurisdiction, and thus the *Motion to Dismiss* should have been converted to a motion for summary judgment.  [Doc. 37, pp. 1, 5]

The Court is not persuaded.  Though Defendant argues that Plaintiff converted the *Motion to Dismiss* into a motion for summary judgment, the Court makes the determination whether or not to consider the documents or to exclude them and accordingly consider the motion as it was filed, a motion to dismiss.  Fed. R. Civ. P. 12(d).  Prior to Plaintiff's dismissal of this case, the Court had not considered the *Motion to Dismiss*, had not converted the Motion into a motion for summary judgment, and had not issued notice to the parties that it would convert the Motion to a motion to summary judgment.  The cases on which Defendant relies are inapposite as they all pertain to situations in which the court had considered the motion to dismiss and either converted or

not converted the motion to a motion for summary judgment. *See, e.g., Wheeler v. Hurdman*, 825 F.2d 257, 258-59 (10th Cir. 1987) (considering whether the district court correctly converted a motion to dismiss to a motion for summary judgment); *Bldg. & Constr. Dept., AFL-CIO v. Rockwell Int'l Corp.*, 7 F.3d 1487, 1495-96 (10th Cir. 2000) (considering whether the parties had notice that the motion to dismiss would be converted to a motion for summary judgment); *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (stating that the court is required to convert a motion to dismiss to a motion for summary judgment "when resolution of the jurisdictional question is intertwined with the merits of the case" and concluding that the district court properly declined to treat the motion as a motion for summary judgment).

**CONCLUSION**

For the foregoing reasons, the Court lacks jurisdiction to vacate the *Notice of Dismissal* in this case. *Netwig*, 375 F.3d at 1010.

**WHEREFORE, IT IS HEREBY ORDERED** that Defendant's *Motion to Vacate Notice of Dismissal* is **DENIED**.

**SO ORDERED** this **20th** day of August, 2014 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief Judge, United States District Court